UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00119-GNS-LLK

DUZUAN LESTER                                                                              PLAINTIFF

v.

LOUISVILLE METRO GOVERNMENT; and
DET. KEITH ROBERTS                                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Alter, Amend, or Vacate the Court's Judgment in favor of Defendants (DN 40). The motion is now ripe for adjudication. For the reasons that follow, Plaintiff's motion is **DENIED**.

### I. BACKGROUND

This case arises out of the criminal investigation and prosecution of Plaintiff Duzuan Lester ("Lester") and his purported co-defendant Eugene Baker ("Baker"). (R&R 1, DN 32). In 2012, Lester and Baker were indicted in Kentucky state court on charges of complicity to murder, complicity to robbery, and other lesser charges. (R&R 1). Lester spent twenty months incarcerated at Louisville Metro Corrections and three months of home incarceration before he was acquitted by a jury of all charges. (R&R 1).

On February 2, 2016, Lester filed a complaint in Kentucky state court against Defendants Louisville Metro Government and Detective Keith Roberts ("Detective Roberts") of the Louisville Metropolitan Police Department's Homicide Unit. (Compl., DN 1-2). Lester asserted, *inter alia*, federal and state claims of malicious prosecution. (Compl. ¶¶ 47-84). Defendants subsequently removed the case to federal court. (Notice Removal, DN 1-3).

1

Defendants eventually moved for summary judgment on all of Lester's claims, which this Court granted upon the recommendation of the Magistrate Judge. (Op. & Order, DN 38; R&R 21). Lester now moves, pursuant to Fed. R. Civ. P. 59(e), to alter, amend, or vacate the judgment of the Court dismissing his claims. (Pl.'s Mot. Alter, DN 40).

## II. JURISDICTION

This Court possesses federal question and supplemental jurisdiction over this case. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1367(a).

## III. STANDARD OF REVIEW

"Pursuant to Rule 59(e), there are three grounds for amending a judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; and (3) to correct a clear error of law or to prevent manifest injustice." *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A motion under this rule, however, "is not an opportunity for the losing party to simply offer old arguments a second time or 'to offer additional arguments in support of its position' that were not properly presented initially." *Saunders v. Ford Motor Co.*, No. 3:15-CV-00594-JHM, 2017 WL 489419, at *1 (W.D. Ky. Feb. 6, 2017) (quoting *Elec. Ins. Co. v. Freudenberg-Nok, Gen. P'ship*, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007)). "Such motions are extraordinary and sparingly granted." *Marshall v. Johnson*, No. 3:07-CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)).

## IV. DISCUSSION

The only finding by this Court that Lester contests is the determination that Detective Roberts possessed the requisite probable cause to initiate a criminal prosecution against Lester.

Lester argues that whether Detective Roberts had probable cause is a genuine issue of material fact precluding the grant of summary judgment on Lester's federal and state malicious prosecution claims.

"[A] plaintiff may bring a malicious prosecution claim under the Fourth Amendment based on a defendant officer's wrongful investigation, prosecution, conviction and incarceration of a plaintiff." *Miller v. Maddox*, 866 F.3d 386, 389 (6th Cir. 2017) (citing *Barnes v. Wright*, 449 F.3d 709, 715-16 (6th Cir. 2006)). One of the elements necessary for succeeding on such a claim is that the plaintiff "must establish that . . . there was no probable cause to support the charges . . . ." *Id*. at 389 (citing *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010)). A malicious prosecution claim under Kentucky law requires the satisfaction of this same element. *Martin v. O'Daniel*, 507 S.W.3d 1, 11 (Ky. 2016). "[P]robable cause to initiate a criminal prosecution exists where 'facts and circumstances [are] sufficient to lead an ordinarily prudent person to believe the accused was guilty of the crime charged.'" *Webb v. United States*, 789 F.3d 647, 660 (6th Cir. 2015) (quoting *MacDermid v. Discover Fin. Servs.*, 342 F. App'x 138, 146 (6th Cir. 2009)).

Under federal law, generally, "the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause." *Id*. (quoting *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006)). The Sixth Circuit in *King v. Harwood*, 852 F.3d 568 (6th Cir. 2017), recently identified an exception to this rule:

> [W]here (1) a law-enforcement officer, in the course of setting a prosecution in motion, either knowingly or recklessly makes false statements (such as in affidavits or investigative reports) or falsifies or fabricates evidence; (2) the false statements and evidence, together with any concomitant misleading omissions, are material to the ultimate prosecution of the plaintiff; and (3) the false statements, evidence, and omissions do not consist solely of grand-jury testimony or preparation for that testimony (where preparation has a meaning broad enough to encompass conspiring to commit perjury before the grand jury), the presumption that the grand-jury indictment is evidence of probable cause is rebuttable and not conclusive.

*Id*. at 587-88.[1]

Similar, but not identical, rules exist in Kentucky. Under Kentucky law, a grand jury indictment raises a presumption of probable cause that can be rebutted by the plaintiff. *Davidson v. Castner-Knott Dry Goods Co., Inc.*, 202 S.W.3d 597, 607 (Ky. App. 2006) (citing *Conder v. Morrison*, 121 S.W.2d 930, 931-32 (Ky. 1938)). "[T]he plaintiff has the burden of making a clear showing that no probable cause for the prosecution existed." *Massey v. McKinley*, 690 S.W.2d 131, 133-34 (Ky. App. 1985) (citing *Puckett v. Clark*, 410 S.W.2d 154 (Ky. 1966)).

Lester's contention that this Court misapplied the *King* exception is unfounded. In evaluating Lester's claim, the Court articulated Lester's argument for the application of the *King* exception, which is essentially the same argument Lester proffers in his motion *sub judice*: "Instead of showing fabrication or falsehood, [Lester] argues that because the evidence and testimony on which Detective Roberts relied to secure an indictment are so allegedly riddled with inconsistencies, he was reckless in relying on them to suggest Plaintiff's indictment." (Op. & Order 4). The Court previously addressed this argument by examining whether Detective Roberts knowingly or recklessly made false statements or falsified or fabricated evidence in the course of initiating Lester's prosecution, a correct application of *King*. (Op. & Order 6-7). After evaluating the alleged inconsistencies in the testimony and evidence Detective Roberts relied upon, the Court found that Detective Roberts' culpability rose, at best, to the level of negligence. (Op. & Order 7-8). The Court did not misapply *King*.

---

[1] The only other exception identified by Lester, i.e., that solely an investigator's knowing or reckless presentation of false testimony to the grand jury to obtain an indictment establishes a rebuttable and not conclusive presumption of the existence of probable cause, has been all but eradicated. *See King*, 852 F.3d at 586-91 (discussing unviability of this exception after the U.S. Supreme Court's decision in *Rehberg v. Paulk*, 566 U.S. 356 (2012)).

The remainder of the errors claimed by Lester are simple disagreements with the Court's findings and reiterations of arguments which were or could have been made previously. Lester contends that the Court erred when it found that Lester failed to make the requisite showing for application of the *King* exception under federal law and the clear showing of the lack of probable cause under state law to allow his claims to proceed. Lester "may disagree with the Court's decision, but that is an issue for appeal, not reconsideration." *Colter v. Bowling Green-Warren Cty. Reg'l Airport Bd.*, No. 1:17-CV-00118-JHM, 2018 WL 775366, at *2 (W.D. Ky. Feb. 7, 2018). Lester's arguments in this regard are not bases for granting a motion to alter, amend, or vacate under Fed. R. Civ. P. 59(e): A motion made under this rule "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Wright & Miller, *Federal Practice and Procedure* § 2810.1 (3d ed. Aug. 2019 update)).

Moreover, after reviewing Lester's articulated deficiencies associated with the evidence establishing probable cause to believe he was complicit in the murder and robbery of the victim, this Court finds no "clear error of law" or "manifest injustice" associated with the Court's grant of summary judgment. In establishing probable cause for Lester's commission of complicity to murder and robbery, Detective Roberts relied upon the statement of a witness, Jasmine Williams ("Williams"). Williams stated that she rode in the vehicle to the victim's residence with Lester and Baker, who was ultimately convicted of the murder. (R&R 4-5). Williams identified Lester as Baker's associate who went into and came out of the residence where the victim was killed and further testified she heard Baker state that he killed the victim. (R&R 4-5). Detective Roberts also relied upon the fact that DNA, which would have matched 1 in every 6,300 people, found on a hat left at the scene of the crime implicated Lester. (Pl.'s Mot. Alter 14). Finally, Detective

5

Roberts relied upon the statement of another individual who relayed hearsay from others, including Baker's sister, that Baker and Lester had stolen drugs from the victim. (R&R 4). No clear error of law or manifest injustice is present in the conclusion that the deficiencies Lester posits with this evidence[2] invalidates its veracity in establishing probable cause or evidences a reckless disregard for the truth or malice on the part of Detective Roberts. *Kavanaugh v. Lexington Fayette Urban Cty. Gov't*, 638 F. App'x 446, 456 (6th Cir. 2015) (quoting *Gregory v. City of Louisville*, 444 F.3d 725, 758 (6th Cir. 2006)); *Garcia v. Whitaker*, 400 S.W.3d 270, 274 (Ky. 2013) (quoting *Raine v. Drasin*, 621 S.W.2d 895, 899 (Ky. 1981)). While those other circumstances may have dissuaded a jury from finding Lester guilty beyond a reasonable doubt of complicity in the murder, the Court's conclusion that the substance of Williams' statements (and Lester's incriminatory DNA) supported probable cause was not a clear error of law even if the indictment did not conclusively establish probable cause.

## V. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter, Amend, or Vacate (DN 40) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

cc: counsel of record

November 27, 2019

---

[2] Specifically, this evidence included: the eyewitness's mispronunciation of Lester's first name; the failure of police to recover marijuana an eyewitness claimed fell out of Lester and Baker's pockets before they entered the car; the eyewitness's seemingly incorrect statement that Lester and Baker were wearing hats when they left the scene of the crime; two other eyewitnesses identifying another individual as the culprit alongside Baker; all three eyewitnesses' description of the culprit's skin color as "dark skinned" while Lester is "light brown skinned"; Detective Roberts's failure to obtain a criminal history of the incriminating eyewitness; and the potential self-serving effect of the incriminating eyewitness's identification of Lester. (Pl.'s Mot. Alter 7-8).